IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 96-30102-WDS |
| | ) | |
| **JAMES OLLIE BIRGE, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**O R D E R**

**STIEHL, District Judge:**

Before the Court is defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Defendant claims that as a result of a November 1, 2004 amendment to U.S.S.G. § 3B1.2, the Court should reduce his sentence to account for his mitigating role in the offense. Insofar as defendant is actually referring to a November 1, 2001 amendment to § 3B1.2, Amendment 635 amends the commentary to that section. Specifically, Amendment 635 addresses whether a defendant may be considered for a mitigating role adjustment where he or she performed a limited function in concerted criminal activity and was only held accountable for conduct in which he or she was personally involved. U.S. Sentencing Commission Guidelines Manual App. C - Vol. II at 231-33. However, Amendment 635 was not made retroactive, see, U.S.S.G. § 1B1.10(c), and therefore does not apply to the defendant.[1]

Insofar as defendant may be referring to a November 1, 2004 amendment, specifically,

---

[1] The defendant was sentenced on October 6, 1997.

Amendment 668,[2] that amendment was likewise not made retroactive under § 1B1.10(c).

Moreover, the Court notes that the Guidelines are merely advisory. The Supreme Court held in *Booker v. United States,* 125 S. Ct. 738 (2005), that, in light of the determination that sections of the statute establishing the Sentencing Guidelines are unconstitutional, those sections are, therefore, "severed and excised," *id.* at 756, rendering the Guidelines "effectively advisory." *Id.* at 757.

Accordingly, defendant's motion for reduction of sentence is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 27, 2005.**

             **s/ WILLIAM D. STIEHL**
             **DISTRICT JUDGE**

---

[2]Amendment 668 modifies U.S.S.G. §§ 2D1.1(a)(3) and 2D1.11 "to provide a graduated reduction for offenders whose quantity level . . . results in a base offense level greater than level 30 and who qualify for a mitigating role adjustment under § 3B1.2." U.S. Sentencing Commission Guidelines Manual, Supp. to App. C at 92.